**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORDAN PETER MENDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHERIFF CORONER DON BARNES, ROBERT FLORES, LIEUTENANT MANHART, DON BARNES, and COUNTY OF ORANGE,<br><br>　　　　Defendants. | Case No. 8:23-cv-00725-SPG-SSC<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [ECF NO. 61]** |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　The Report recommends granting, in part, Defendants' motion to dismiss the Second Amended Complaint and denying Plaintiff's Motion for Default Judgment. (ECF No. 61). In pertinent part, the Report recommends denial of the motion as to Plaintiff's equal protection claim against Defendant Flores in his individual capacity. (*Id*. at 15-19).

Defendants object that Plaintiff, a prisoner of the Jewish faith, has failed to state an equal protection claim based on the provision of a kosher diet that is allegedly inferior to the diets for other prisoners. (ECF No. 62 at 3-6). Defendants argue that Plaintiff is not "similarly situated" to other prisoners who receive regular meals without any dietary restrictions. (*Id.*).

Defendants' objections to the Report do not warrant a change to the Report's findings or recommendations. First, Defendants have not previously raised this argument, and courts are "not required[] to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *See Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (citation omitted). Although courts are encouraged to exercise discretion to consider a late argument made by a *pro se* litigant who is "ignorant of the law," *id.* (citation omitted), Defendants are represented by counsel.

Second, even if the Court were to consider this argument, it is unpersuasive. Here, Plaintiff alleges that Defendant Barnes singled out Jewish inmates by denying them daily hot breakfasts of a wide variety while providing to "every single other inmate of other race/religious/medical-need a hot breakfast meal every day of wide variety." (ECF No. 30 at 8.) Because this allegation, liberally construed, suggests that Plaintiff is comparing himself not necessarily to other general population inmates as a whole, but to similarly situated inmates with religious or dietary restrictions, dismissal of the equal protection claim is not warranted at this time. To the extent Plaintiff's claim is solely premised on a comparison to inmates who receive regular meals, the Court withholds judgment as to whether such inmates would be similarly situated. Defendants' objections are overruled without prejudice to renewal.

It is ordered that: (1) the Report and Recommendation is accepted and adopted; and (2) the matter is referred to the Magistrate Judge for further proceedings.

DATED: February 24, 2025

_____<br>
HON. SHERILYN PEACE GARNETT<br>
UNITED STATES DISTRICT JUDGE